108 So.2d 96

STATE of Louisiana ex rel. Polly Hicks
SEPULVADO

v.

RAPIDES PARISH SCHOOL BOARD.

No. 44124.

Jan. 12, 1959.

Holt & Holt, A. M. D'Angelo, Alexandria, for plaintiff-appellant.

F. Jean Pharis, Dist. Atty., William Ray Bradford, Asst. Dist. Atty., Alexandria, for defendant-appellee.

HAWTHORNE, Justice.

This case involves the legality and application of rules adopted by the Rapides Parish School Board to govern maternity leaves of absence for teachers.

Relatrix, Mrs. Polly Hicks Sepulvado, who had been employed as a teacher in the public school system of Rapides Parish for approximately 14 years and had acquired the status of a regular and permanent teacher under the Teacher Tenure Act, R.S. 17:441 et seq., instituted this suit on March 3, 1958, against the school board seeking reinstatement as a teacher of business subjects in Boyce High School for the 1957–1958 school session, together with the emoluments of the office amounting to $5,400.[1] After trial on the merits her suit was dismissed, and she has appealed.

On January 3, 1941, the Rapides Parish School Board adopted the following resolution governing maternity leaves of absence:

"Whereas, it seems to be to the best interests of the Rapides Parish School Board that a permanent resolution be adopted governing rules to apply to expectant mothers among the teachers employed by the said Board; now, therefore

"Be It Resolved, by the Rapides Parish School Board, in regular session convened,. That any married woman teacher employed by this Board who is presently pregnant, or who shall become pregnant, shall ask for a leave of absence immediately after having knowledge of her pregnancy, it being understood that under no circumstances shall she remain in her teaching position after three months of pregnancy; and

"Be It Further Resolved, etc., That any teacher taking such leave of absence shall not be allowed to return to her teaching position within fifteen months of the time

---

[1] It is conceded that relatrix has been reinstated as a teacher, and only the school year 1957–1958, which began on September 3, 1957, is involved in this suit.

she leaves the service, and that no such teacher be allowed to return to the service except at the beginning of the session or at midterm; and that no such teacher be allowed to remain out of the service more than 24 months.

"Be It Further Resolved, etc., That before such teacher returns to her position she shall file with the Rapides Parish School Board a certificate from her physician declaring her to be physically fit to resume her duties in the school system of that parish; * * * "

R.S. 17:1211 provides that city and parish school boards throughout the state shall grant leaves of absence to regularly employed women teachers for a reasonable time before and after childbirth, the granting of which leave cannot affect the tenure rights of the teacher.

Mrs. Sepulvado became aware of the fact that she was pregnant late in December of 1955, and although she was aware of the school board's resolution above quoted, she did not notify the board of her condition because she wanted to continue teaching during the school year. Her pregnancy soon became obvious, however, and at the demand of the school principal she requested maternity leave, which was granted to her, to become effective April 1, 1956, and to continue for a period of at least 15 months, or until July 1, 1957, in accordance with the above resolution. Her child was born on June 12, 1956, and in November of 1956, while she was still on maternity leave, she again became pregnant. However, she did not notify the school board at this time of her second pregnancy, and did not request further maternity leave. On July 1, 1957, during the summer vacation, when she was pregnant some seven or eight months with her second child, the maternity leave which had been given her for the birth of the first child terminated, and about that time she wrote a letter to the school board in which she informed it that she was again pregnant but that the second child would be born in time for her to start her teaching duties when school opened in September of 1957. Mrs. Sepulvado's second child was born on August 17, 1957. A week later she wrote to the school board asking that she be allowed to resume her teaching duties when school opened on September 3, 1957, and attaching a doctor's certificate to the effect that she was physically able to do so. The school board refused this request. In January of 1958 she requested the school board to allow her to return to her teaching duties at the midterm, which began on January 17, 1958, but again the board denied her request.

During the time relatrix was pregnant with her second child, the school board on August 7, 1957, adopted a resolution identical in every respect with the 1941 resolution set out above except that it contained the following additional paragraph:

"Be It Further Resolved, etc., That in the event any married teacher employed by the Board should become pregnant during maternity leave for a second and/or additional time, then the said teacher shall not be permitted to return to her position until six (6) months shall elapse after the birth of the child and no such teacher shall be allowed to return to service except at the beginning of the session or at midterm."

The school board in denying relatrix' request stated that she could not resume her teaching until six months after the birth of the second child.[2]

Relatrix urges that the denial of her request to return to her teaching duties at the commencement of the 1957–1958 school session constituted a removal from office, and is contrary to R.S. 17:443 which provides that no permanent teacher can be removed from office except upon written and signed charges of wilful neglect of duty, incompetency, or dishonesty, after which there must be a hearing and adjudication of dismissal by the school board.

█ We find no merit in relatrix' contention. As we view the matter, she was not removed from office by the action of the school board, but was required to take a maternity leave of absence. R.S. 17:1211 makes it the mandatory duty of parish

school boards throughout the state to grant maternity leave to regularly employed teachers for a reasonable time before and after childbirth, the granting of which leave does not affect the tenure rights of the teacher. The maternity leave required to be granted by R.S. 17:1211 is in no sense "removal from office" as contemplated by R.S. 17:443.

Relatrix next contends that the school board has no authority under the law to fix a certain and definite time which must elapse after childbirth before a teacher can resume her teaching duties, to apply in all cases alike, and that any such resolution of the board to that effect would be arbitrary, unreasonable, illegal, and in contravention of R.S. 17:1211, which provides that the school boards shall grant leaves of absence to women teachers for *a reasonable time* before and after childbirth.

█ This argument has no validity. No one will quarrel with the fact that a maternity leave is mandatory on the school board, but although the law was intended to benefit expectant mothers in the teaching profession, the needs of the school system cannot be overlooked. The schools have the duty of securing enough teachers for each term and must arrange the teachers' maternity leaves in such a way as not to disrupt the operation of the schools. It

**2.** During the absence of relatrix the school board employed a Mrs. McKnight to teach in her place on a temporary basis for the 1957–1958 school year only.

is true that the Legislature in R.S. 17:1211 did not specify what a "reasonable time" was, but we do not agree with relatrix that it is the duty of the school board under the statute to take under advisement the case of each pregnant teacher and determine what would be a reasonable time both before and after childbirth to allow that particular teacher for maternity leave. Under R.S. 17:81 the school board is authorized to make such rules and regulations for its own government as it may deem necessary, not inconsistent with law. In adopting the resolutions involved here we think the school board properly considered the welfare not only of the teacher but of the school children and the school system, and we see nothing unreasonable or arbitrary in the time fixed for such leaves of absence both before and after childbirth.

Relatrix next contends that if the refusal of the school board to permit her to resume her teaching duties for the 1957–1958 session falls under the resolution of August 7, 1957, then that resolution should be held to be invalid, illegal, and ineffective as to her. She argues that to apply the 1957 resolution to her would be to give it retroactive effect because at the time of its adoption she was eight months pregnant with her second child.

■ As we have pointed out, the 1957 resolution was identical in every respect with the 1941 resolution with the exception of the added paragraph quoted above. To us the 1957 resolution was simply passed to clarify the 1941 resolution, and there is nothing retroactive about it. The 1941 resolution provides that any married woman teacher employed by the board who is presently pregnant shall ask for a leave of absence, and the same provision is found in the 1957 resolution. When relatrix knew she was pregnant a second time, it became her duty under the 1941 resolution to ask for leave of absence for the birth of her second child.

The 1957 resolution in clarifying the provisions of the 1941 resolution simply provides that if a second pregnancy should occur during the maternity leave, the teacher cannot return to her position until six months after the birth of her second child. As stated above, counsel for relatrix argue that the new paragraph has a retroactive effect if applied to their client, who was already pregnant for a second time before her maternity leave expired. Even if we concede this point for the sake of discussion, Mrs. Sepulvado falls into the classification of "any married woman teacher employed by this Board who is presently pregnant", which is another way of saying that the 1941 resolution amply covered the situation which occurred in the present case, i. e., that of a woman on maternity leave becoming pregnant again, and that it was really not necessary for the school board to add the paragraph

which was inserted in 1957 about the second pregnancy.

The judgment appealed from is affirmed at appellant's costs.